FILED

NOT FOR PUBLICATION

JAN 06 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAZIA SHARIFA RAHIMAN, | No. 07-73154 |
| Petitioner, | Agency No. A079-262-309 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Shazia Sharifa Rahiman, a native and citizen of Fiji, petitions for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

PR/Research

removal, and relief under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 n.4 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's denial of asylum because the December 1999 incident and other acts of harassment Rahiman experienced did not rise to the level of persecution, *see Lata v. INS*, 204 F.3d 1241, 1244-45 (9th Cir. 2000), and she did not demonstrate a well-founded fear of future persecution, *see Singh v. INS*, 134 F.3d 962, 967-71 (9th Cir. 1998) (recognizing that "[m]ere generalized lawlessness and violence between diverse populations" without a particularized risk to the petitioner is generally insufficient to support a claim of asylum).

Because Rahiman failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT relief, because Rahiman failed to establish that it is more likely than not she would be tortured if returned to Fiji.  *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**